UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TAJHON WILSON,

    Plaintiff,

v.                                      Case No. 3:20cv5155-MCR-HTC

OFFICER G. CULPEPPER,

    Defendant.

_____/

### REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, initiated this action by filing a complaint seeking to assert claims under 42 U.S.C. § 1983 (ECF Doc. 1). The complaint was referred to the undersigned for preliminary screening under 28 U.S.C. §§ 1915(e)(2) and 1915A. As discussed further below, the undersigned respectfully recommends that this action be dismissed for Plaintiff's failure to disclose at least four (4) cases and one (1) appeal that he previously filed.

Plaintiff's complaint was filed on this Court's official form for 28 U.S.C. §§ 1331 or 1346 or 42 U.S.C. § 1983 actions by prisoners. ECF Doc. 1. At the end of the complaint form, Plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing (including all continuation pages)

is true and correct." *Id.* at 11-12. Despite that declaration, Plaintiff made several false representations on the complaint form.

Section VIII of the civil rights complaint form, titled "Prior Litigation," asks: "A. To the best of your knowledge, have you had any case dismissed for a reason listed in § 1915(g) which counts as a 'strike'?" and "C. Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?" ECF Doc. 1 at 9, 10. The form requires Plaintiff to identify and describe any cases responsive to the questions.

Plaintiff checked "No" in response to both questions and did not disclose any cases. Thus, Plaintiff swore that, at the time he filed his complaint on March 16, 2020, he had not filed any federal cases challenging his conviction or otherwise relating to the conditions of his confinement and he had not had any federal cases dismissed for a reason constituting a strike. Plaintiff's representations to the Court, however, were not truthful or accurate. To the contrary, at the time Plaintiff filed his complaint, Plaintiff had filed at least four (4) prior cases and one (1) appeal relating to the conditions of his confinement, one of which was dismissed for a reason constituting a strike under § 1915(g).

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete its complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect

Case No. 3:20cv5155-MCR-HTC

the Court's jurisdiction. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable. Upon such an investigation in this case, the undersigned discovered that Plaintiff had filed the prior actions:

> *Wilson v. Casper*, 3:18cv1317 (M.D. Fla.) (1983 action settled and dismissed with prejudice)
>
> *Wilson v. Sec'y of the Fla. Dep't of Corr. and Att'y Gen'l of the State of Fla.*, 8:18cv1938 (M.D. Fla.) (habeas petition dismissed for lack of subject matter jurisdiction)
>
> *Wilson v. Gualtieri*, 8:15cv1578 (M.D. Fla.) (1983 action dismissed for failure to state a claim)
>
> *Wilson v. Sec'y, Fla. Dep't of Corr.*, 1:14cv21619 (S.D. Fla.) (habeas petition denied on the merits)
>
> *Wilson v. Sec'y, Fla. Dep't of Corr.*, 0:2015stp12010 (11th Cir.) (motion for a certificate of appealability, to appeal 1:14cv21619, denied for Plaintiff's failure to make a substantial showing of the denial of a constitutional right)

The undersigned identified these actions based on the name of the plaintiff, Florida Department of Corrections ("FDOC") registration number R21310 (which is Plaintiff's number), or other identifying information.[1] Plaintiff did not disclose these federal actions despite the complaint form's clear instructions.

---

[1] The FDOC website indicates Plaintiff was previously incarcerated at Pinellas County Jail and convicted of robbery in both Dade and Pinellas counties. The plaintiff in cases 1:14cv-21619 and 8:15cv1578 was housed in Pinellas County Jail and case 1:14cv21619 references a conviction for robbery in Dade County.

Case No. 3:20cv5155-MCR-HTC

The Court has the authority to control and manage matters pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

Here, Plaintiff falsely responded to questions on the complaint form, as detailed above. Plaintiff knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners: "**Failure to disclose all prior cases may result in the dismissal of this case**." ECF Doc 1 at 11 (emphasis in original). If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. The Court should not allow Plaintiff's false responses to go unpunished.

An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice. *See Bratton v. Secretary, DOC*, 2012 WL 2913171 (M.D. Fla. July 16, 2012) (dismissing case without prejudice where prisoner failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one prior federal case).

Accordingly, it is respectfully RECOMMENDED that:

1. This case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. §§ 1915(e)(2) and 1915A.

2. The clerk be directed to close the file.

Done in Pensacola, Florida, this 21st day of April, 2020.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.